DAVIS (BANK OF ALEXANDRIA v.). See Case No. 845.

## Case No. 3,626.
DAVIS et al. v. BANK OF RIVER RAISIN.
[4 McLean, 387.] [2]

Circuit Court, D. Michigan. June Term, 1848.

BANKS—UNAUTHORIZED BILLS—PAYMENT.

A bank which draws a bill in express violation of its charter, can not set up such bill in pay-

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reported by Hon. John McLean, Circuit Justice.]

ment. The bill is void, and must be so held in all transactions relating to it.

[This action was brought by Davis & Lockwood against the Bank of River Raisin.]

Mr. Romeyn, for plaintiffs.

Mr. Noble, for defendant.

OPINION OF THE COURT. This is an action of assumpsit, the general issue being pleaded. The defendant gave to the plaintiffs a draft of the Bank of Brest, for two thousand dollars. It was understood, at the time, that the draft was received by the plaintiffs, in payment of a debt due them by the defendant. The Bank of Brest was insolvent, and no part of the draft was ever received. The plaintiffs contend, if the draft was received in payment, it could not operate as such, because the Bank of Brest was organized under the general banking law of Michigan, which the supreme court of the state has held to be unconstitutional. But if the bank was a corporation, the draft was void, it having been issued in express violation of the law. It is not material to inquire whether this Bank of Brest was organized or not. It is enough to know, that it was one of a large batch of banks established under a general law of Michigan, which was recommended to the popular sanction, and that numerous banks were organized under it, all of which turned out to be banks without capital. They were all subject to what was called the "Safety Fund Act," which, by the 31st section, provided that "no moneyed corporation, subject to this act, shall issue any bill or note of the said corporation, unless the same shall be made payable on demand and without interest." The draft in question was in violation of that law, as it was not made payable on demand. It was, therefore, an instrument which the corporation had no right to create, and being void, it can not be considered as payment to the plaintiff. And the court so instructed the jury, who found for the plaintiff. Judgment. Weed v. Snow [Case No. 17,347].